UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_Stanley Hilbert_

_____

Write the full name of each plaintiff.

No. _19-CV-5101_
(To be filled out by Clerk's Office)

**SECOND AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☑ Yes   ☐ No

-against-

_Griffin et al_

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.



Rev. 5/6/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

*Hilbert*     *A*     *Stawley*

First Name        Middle Initial        Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City        State        Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

*SEE ATTACHED*

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _EllenwHaven CF_

Date(s) of occurrence: _July 17, 2018_

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_SEE ATTACHED_

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated

First Name      Hilbert      Middle Initial      A      Plaintiff's Signature      Last Name      STANLEY

Prison Address

County, City      State      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____

1

Honorable Cathy Seibel

United States District Court judge

Southern District of New York

300 Quarropas Street

White Plains, New York 10601


Re: Stanley v. Griffin T. 19 Civ. 5101 (CS)


2D AMENDED COMPLAINT


On July 7, 2018 while located at Green Haven Correctional Facility, I, petitioner, and several other inmates were coming from the Commissary, escorted by CO Louis J. Merrolle. We were standing in front of "E" Block, awaiting to enter. Once inside, I had approached the "A" man's post, requesting to be allowed to attend the Recreation yard. The assigned number "2" man, CO Charles D. Hulsair Jr., stated: "No,Rec is over!," loudly towards me. I had stated that we were left outside the block for about 25 minutes, waiting to finally be allowed to enter the block.

CO Hulsair then retorted: "Shut the fuck up and take it upstairs!" As I followed his direct order, he had left his post and followed me closely up the stairs to the third floor. Once we had reached the third floor simultaneously, he had without provocation or justification, sprayed my face completely with his issued OC Chemical Agent, from behind, then pressed his personal alarm to alert other staff for assistance, then proceeded to pull my feet from underneath me.

At this point, more officers responded and CO Hulsair then proceeded to punch me repeatedly to my right eye and face. At this point I was frightened for my life especially since CO Hulsair used extreme pressure on my windpipe in a chokehold, thereby cutting off my ability to breathe. I tried in vain to relay this to the officer but was struck twice in the head with a baton, nearly making me unconscious.

While this was taking place.  I was placed in handcuffs and was laid on my stomach, with numerous officers sitting on my legs and upper and lower back areas making me unable to move at all. CO Hulsair once again, and without cause, sprayed my face completely, at a point blank range, even though I was completely subdued and supine on my stomach.

While the responding officers continued to hold me down in this supine and submissive position, CO Hulsair pulled my pants down over my waist, and stuck his finger or some sort of tubular object into my rectum, thereby sodomizing me, in addition to the physical assault I was enduring. This sexual assault was not only illegal and criminal in its nature, but also was never warranted or called for in any circumstance, and a serious constitutional violation of my inborn civil rights.

The on scene supervisor, Sgt. Mrzygold told these officers that if I had said anything, especially in regards to the recent sadistic sexual assault, that they are to throw me head first, down the stairs as they exit the block. As I was being escorted out of the block by these assigned officers, the Deputy Superintendent of Programs, Marilyn Kopp, witnessed me screaming for help because I had just been sexually and physically assaulted by CO Hulsair, without any provocation or reasons.  She never acknowledged her presence or used her authority to immediately cease the continued abusive treatment that she had witnessed as blood literally dripped from the visible laceration on my head from the baton's strike. Once I had screamed out that I was sexually and physically assaulted to DSP Kopp, I was rushed to the Special Housing Unit (SHU), instead of being taken to the Medical Unit to receive immediate treatment regarding the sexual assault, and blood pouring from my head wound.

I had repeatedly submitted letters and voiced my concern of my safety to my assigned Offender Rehabilitation Counselor (ORC) Lloyd, Deputy Superintendent of Mental Health Medbury, Superintendent Thomas Griffin, the facility's Mental Health Unit, etc., yet not one person or

department assisted me in my pleas for assistance. I had previously filed several grievances, which were all denied, expressing the fact that I had been sexually assaulted by Hulsair on that given day.

The Department of Corrections Facility Operations Manual, and its mandated policy stipulates "No inmates shall be subjected to or retaliated against, for seeking due process in filing any form of complaint or grievance for any violation or denial of entitled fur processes, on his or her person. "I had previously been assaulted at Green Haven Correctional Facility, by uniformed staff in 2011.

Upon my arrival at Green Haven in 2018, I had expressed my concern for my safety to the Mental Health Unit, my assigned Correctional Counselor Lloyd, Deputy Superintendent of Mental Health Unit D. Medbury, the Superintendent at the time, Thomas Griffin, as well as Superintendent Lamanna, who then presided over Griffin. I had also sent numerous hand written letters to each individual listed above, without response or the needed oversight to resolve this quality of life issue.

In those letters I had stated clearly that my life was in immediate danger because of the targeted harassment and abuse directed at me by CO Alvarez, CO Womascko and CO Doyen, all of whom I had filed and included in my initial sexual assault (PREA) complaint against. (Quote: **"We have friends in Green here, so you won't even see it coming").**  On April 17, 2018, my counselor Miss Christa Lloyd, came to my cell to interview me in regards to my serious concerns for which I had for my personal safety, and about the numerous calls that my immediate family had made to the facility, and forwarded to her office.  Shortly afterwards I was moved from A Block, to E Block. CO Alvarez pulled me from the chow line, and waited for me to be isolated, then placed me on the wall.  At this time, he made additional threats directly to me.  As he searched me, he purposely groped my groin area, squeezing my penis hard to evince pain, and made derogatory remarks to produce a response from me.  Prior to releasing me from his custody, he again stated. **"Remember, you won't see it coming, you'll pay for running your mouth about officers. You don't fuck with CO's period."**  It was later that night at about 8:00 PM, that I was

subjected to this sexual assault by CO Hulsair which occurred, who then falsified reports that I had drugs on me, as the excuse to sodomize me, while humiliating and degrading me throughout.

I had tried in vain to prevent this horrible occurrence, but no one would take anything I was warning them about seriously and as the result of their indifference and willful neglect, I was beaten and sexually assaulted by the staff mentioned in this formal complaint. All of the mentioned responding officers, Sgt. Mrzygold, CO's Melvin, Merolle, Himmelstein, Cimmino, Gunsett, Escalera and St. Roser, at any given time could have within their afforded power, prevented this unconstitutional, inhumane, brutal sexual assault. Instead, Sgt. Mrzygold told his officers to throw me head first down the stairs if I had mentioned anything in relation the terrible assault that I had just endured.

Just prior to my being moved from the block by these officers, CO Melvin had held my legs down throughout the assault, CO Merrolle sat on my lower back to immobilize me throughout the beating and sexual assault, CO Himmelstein continued to spray my face with his OC Spray, while I was enduring the assault, and CO Escalera stood and witnessed the continued beating and sexual assault by Hulsair take place without interfering or stopping its continuance. As I was being transferred to the SHU from E Block, CO Gunsett continued to assault me, even though I was rear cuffed, punching me in the back of my head and neck, and choking me throughout. CO Cimmino continued to assault me as well from E Block to SHU also. He had also falsified his report listing suspicion of drugs was the justification for the aggressive "frisk" which resulted in the sexual assault.  It was at that time that CO Hulsair had struck me in my right eye, struck my head several times with his baton, and his escalated and out of control actions which resulted in his sodomizing me in front of all the aforementioned staff, on this given incident.

These acts caused a wanton infliction of pain, and suffering without regards to its "justification" or not. Please make this a record, that during the entire assault which had escalated to a barbaric, sadistic sexual assault, I had been in full restraints which had my hands rear cuffed, and the addition to leg restraints around my ankles, completely subduing me thereby at no time ever, could I have been deemed any such threat.

Green Haven's Deputy Superintendent of Programs, Kopp, had witnessed this excessive abuse and never intervened, or question why the actions of the escorting officers were deems appropriate or justified. She then continued to walk away from the incident occurring in front of her without saying one work to the officers committing the abusive treatment. These officers had never considered the danger that their actions had placed me in direct relation to their continued abusive treatment.

One of the primary reasons was that their Supervisors allowed for this treatment to continue without any accountability or consequences, to correct this unconstitutional and sadistic abuse by their subordinates. This inhumane treatment was unnecessary and the actions were the direct result of retaliation. I was forewarned that this was evident to happen by one of the principles, CO Womascko, in addition, CO's Doyen and Alvarez also.

INDIVIDUALS  PERSONALLY INVOLVED IN THESE CONSTITUTIONAL
VIOLATIONS: Supt. Griffin, Supt. Lamanna, Dep. Supt. Sec. Russo, Asst. Dep. Supt. MHU Medbury.

**On April 16, 2018**: response from ADSNHU Medbury: " I am glad that you reached out to the Office of Mental Health for support in this stressful time. I am forwarding your letter to DSS Russo, to further investigate your concerns for your safety." (End of Quote)
On April 18, 2018: I had submitted a letter requesting a transfer to ADSMHU D. Medbury because of the safety issues.

**On April 26, 2018**: I had received a response from ADSMHU Medbury stating that she has spoken with Ms. Hennessey of OMH, about my concern for my safety. No action was taken.
On April 27, 2018: I had submitted another letter to ADSMHU Medbury requesting if I can be placed in the facility's Mental Health Program and be removed from General Population since things would get better and safer for me, and my recovery from this ordeal can begin. However, no action was taken.

**On May 11,2018**: I had finally received a response from ORC Lloyd, stating that the request that I had submitted for a transfer was denied. Again, the well-being of my safety was still not taken seriously and I was left in Green Haven CF, to endure the abuse that I had suffered.

On May 15, 2018: I wrote a letter to the Superintendent expressing that my life was still in danger as long as I remained at Green Haven CF,

**On May 31, 2018**: I had sent another letter to the Superintendent expressing that my life was and will continue to be in danger, and that I am no longer safe at Green Haven CF. In addition, no one is paying heed to my dire warnings to the multiple pleas, and that the legitimate reason has continuously been downplayed to minimize implicated staff's abusive actions. Each defendant was aware of the foreseeable risk that I was in. Each defendant responded to the letters that I had submitted which clearly stated that my safety was compromised. For months I took every possible step to remove myself from this barbarous nature that these individuals displayed even before I was beaten and sodomized.

**My DOCCS Counselor, Miss Christa Lloyd,** also brought forth this information to her supervisor, SORC Sylvia E. Santana. This Administration is responsible for the daily operations of Green Haven CF, including all of the personnel that it employs. Each executive member responded to the complaint that I wrote to them about my life being in danger, which shows that they were all aware of the danger that I had faced as long as I remained at this facility.

The defendants were responsible for my safety and it is their responsibility to protect me from foreseeable danger that was brought to their attention since April 16, 2018. Instead, I was kept in harm's way to endure the physical and sexual abuse, of which I relied on the defendants to prevent, protect and keep me from its continuance. Contrary to the Defense Counsel's erroneous assertion, the Plaintiff's Amended Complaint clearly describes the personal involvement of Supt. Griffin, Supt. Lamanna, DSS Russo, and ADSMHU Medbury primarily because they failed to protect the plaintiff from the physical and sexual assault, which is the material fact in dispute of this case.

## Defense Counsel's Claim That There Are No Facts To Support A Retaliation Claim.

Contrary to the Defense Counsel's erroneous assertion, the Plaintiff's Amended Complaint clearly describes the plaintiff's plea of retaliation in response to him being harassed because of previously filed grievances that were submitted against defendants. Plaintiff was accosted by other CO's who threatened him with violence, and their statements of "having friends" throughout the prison, who would carry out their directed assaults on me. My viable complaints clearly stated my immediate concerns of imminent retaliation very probable in relation to the type of complaint that was filed.

**On March 15, 2018**: Response from the **IGRC: GH-889994-18; Code 27**

## SPLIT TWO STAFF MEMBERS AGREE WITH INVESTIGATION, TWO REPS DO NOT
## AGREE AND RECOMMENDED THAT GRIEVANT BE FREE FROM ANY FORM OF HARASSMENT:

Retaliation is clearly established because it was set in motion the day that the defendants were questioned about the complaints filed by plaintiff.

## PLAINTIFF HAS A PROTECTED RIGHT TO BE FREE FROM ASSAULT, BATTERY AND SEXUAL ASSAULT.

Contrary to the Defense Counsel's erroneous assertion, the Plaintiff's Amended Complaint, clearly establishes that plaintiff has a protected liberty to be free from any assaults, battery and sexual assaults under the Fifth, Eighth and Fourteenth Amendments, to where prison officials are responsible for the plaintiff's "unnecessary and wanton infliction of pain" in the use of excessive force, overuse of the chemical spraying well after its effects disabled me, the bludgeoning over my head incurring a bleeding laceration, and the ensuing physical and sexual assault that is clearly aforementioned in this amended complaint.

These acts were maliciously sadistic and there was no specific, or factual basis to support the criminal and inhumane actions committed by the Defendants. The Defendants clearly knew that these methods are unlawful and unconstitutionally intrusive. The Defendants were acting within the scope of their employment while carrying out these torturous abuses in their official capacities.

The Defendants actions are not a part of their official duties as these actions conducted by these Defendants are truly a part of their own personal proclivities and their abusive conduct. Since they are clothed with the Authority of State Law allowing them to subject Plaintiff's abuse, humiliation, emotional duress, and severe psychological pain and suffering, all of which violates the decency of humanity.

I am entrusted to these individuals to keep me safe and protected, as defined in the NYSDOCCS Employee Manual, which governs and directs all behavior by staff to be conducted on a daily basis, yet the aforementioned Defendants of this Amended Complaint, violated those policies and procedure, without any oversight or accountability, as a retaliatory measure taken against the Plaintiff, with their willful, unconstitutional and criminal actions taken upon the Plaintiff.


**ADSMH Medbury Defendant:**

**April 16, 2018:**  A letter stating that my concerns for my safety was sent to DSS Russo.

**April 18, 2018:** Plaintiff sent a letter to ADSMH Medbury about threats and harassment from CO Alvarez and that he would like to be transferred from Green Haven Correctional Facility.

**April 24, 2018**:  6 days later plaintiff submitted a letter outlining the danger and constant fear he is enduring on a daily basis.  Plaintiff also spoke to Mental Health Unit Chief voicing his concerns about the unprofessional conduct of CO Alvarez, Womacsko and Doyen whom constantly harassed and intimidated Plaintiff with threats of violence.

**April 26, 2018:** ADSMH Medbury responded stating she has spoken to unit Chief Hennessay concerning my need for a change of facility.

**April 27, 2018:** Plaintiff wrote a response to 4-26-2018 letter from ADSMH Medbury. Plaintiff again stated his concerns about his safety and this his life was in danger.

**May 3, 2018:** ADSMH Medbury stated to plaintiff that he would not be placed in a different environment because he doesn't fit the particular requirement needed. Defendant was clearly aware of the stress and mental anguish that Plaintiff was suffering from, because of concerns for his safety. Defendant even suggested that Plaintiff apply to work in Mess-hall to alleviate some of the stress. Defendant had dates, names and facts concerning this matter and failed to protect plaintiff.

Defendant Medbury had more than enough knowledge of the situation concerning Plaintiffs' safety. By Defendant responding indicates she knew that and was aware of Plaintiffs' concerns for his safety. Yet Plaintiff still endured a Heinous assault that was premeditated and executed because Defendant failed to protect plaintiff from this foreseeable risk.

**<u>Defendant Superintendent Lamanna</u>:**

**March 12, 2018**: Plaintiff submitted a complaint to the above defendant stating his concerns for his safety. Defendant never responded.

**March 20, 2018**: Plaintiff submitted a second complaint. Plaintiff stated that Defendants Alvarez, Womacsko and Doyen had continued to harass and threaten Plaintiff with harm from violence. Plaintiff submitted two(2) more complaints dated **April 15, 2018** and **May 15, 2018** which never received a response from the above mentioned Defendant.

Defendant is responsible for the daily operations of said facility. Defendant failed to protect Plaintiff from a foreseeable threat and risk to his safety. Defendant chose to ignore the seriousness of Plaintiffs' pleas.

**Defendant DSS Russo:**

**April 16, 2018:** ADSMH Medbury sent Defendant a notice of Plaintiffs' concern for his safety. Defendant stated that the matter would be investigated.

**April 27, 2018:** Plaintiff submitted a letter to Defendant stating his concern for his safety. Defendant responded that Sgt. Mazzella would be reaching out to Plaintiff.

May 3, 2018: Defendant Russo responded that Sgt. Mazzella would speak to ADSMH about Plaintiffs' request to be moved to Intensive Care Program (I.C.P.) for safety reasons. Still Defendant failed to protect when all facts and knowledge of who, what and why were in play to bring harm to Plaintiff.

Defendant was aware of Plaintiff , he knew him from previous facility. Defendant had facts and dates, names as well as Plaintiffs' own complaints in writing and in person during facility rounds conducted by this administration.

During each encounter Defendant assured Plaintiff that actions would be taken concerning investigating the complaint.

**EXCESSIVE FORCE, CRUEL AND UNUSUAL PUNISHMENT, DELIBERATE INDIFFERENCE, FAILURE TO PROTECT, FAILURE TO PROVIDE ADEQUATE MEDICAL CARE, SEXUAL ASSAULT (SODOMY).**

**PLAINTIFF IS SUING THE DEFENDANTS IN THEIR PERSONAL AND OFFICIAL CAPACITIES, THREE HUNDRED THOUSAND DOLLARS ($US) $300,000.00 INDIVIDUALLY FOR MENTAL ANGUISH, PAST PAIN AND SUFFERING, PUNITIVE DAMAGES, IN THE AMOUNT OF FIVE MILLION DOLLARS ($US) $5,000,000.00.**

(1) **THOMAS GRIFFIN: SUPERINTENDENT**

(2) **JAMIE E. LAMANNA: SUPERINTENDENT**

(3) **ANTHONY C. RUSSO: DEPUTY SUPERINTENDENT OF SECURITY**

(4) **DANIELLE C. MEDBURY: ASST. DEP.SUPT.MENTAL HEALTH UNIT**

(5) **MARILYN KOPP: DEPUTY SUPT. PROGRAMS**

(6) **MICHAEL F. MYRZGOLD: CORRECTIONS SERGEANT**

(7) **ISHMAEL MELVIN: CORRECTIONS OFFICER**

(8) **LOIUS J. MEROLLE: CORRECTIONS OFFICER**

(9) **WILIAM ROSER: CORRECTIONS SERGEANT**

(10)   **JACOB HIMMELSTEIN: CORRECTIONS OFFICER**

(11)   **LOUIS R. CIMMINO: CORRECTIONS OFFICER**

(12)   **CLIFFORD GUNSETT: CORRECTIONS OFFFICER**

(13)   **ADAM E. ESCALERA: CORRECTIONS OFFICER**

(14)   **JASON M. ALVAREZ: CORRECTIONS OFFICER**

(15)   **CHARLES B.D. HULSAIR JR.: CORRECTIONS OFFICER**

(16)   **SERVICES: GREEN HAVEN CORRECTIONAL FACILITY.**

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                     )ss:,
COUNTY OF   Kings   )

    I,   Hilbert Stanley____being duly sworn deposes and says:

    I am over 18 years of age and reside at 25 Lawton Street, Apt 1A, Brooklyn, NY 11221.
On the   I I   day of MARCH,20 ZI, I placed and submitted a true and exact copy
of the following documents:

## 2ND "SECOND"  COMPLAINT

in a properly sealed postpaid wrapper, and deposited same in an official receptacle under
the exclusive care and control of the United States Postal Service, within the State of
New York Department of Correctional and Community Services, mailing such
documents to the following parties:

Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Jessica Acosta-Pettyjohn
Assistant Attorney General
28 Liberty Street
New York, NY 10005

I, Hilbert Stanley, declare under
the penalty of perjury that the
forgoing is true and correct.

Respectfully submitted,

25 Lawton Street   #1A
Brooklyn, NY 11221

Sworn to me this
___ day of _____, 20 ___

_____
Notary Public

# **VERIFICATION**

State of New York )
                     )ss.
County of  Kings   )


I, _____Hilbert Stanley___, being duly sworn, deposes and says that he is the

_____Plaintiff_____ in the within proceeding, that he has read the foregoing

Amended Complaint_____, and knows the contents thereof, that the same is true to his

Knowledge, except as to the matters therein stated to be alleged on information and belief and

that as to those matters, believes them to be true.

                                                _____
                                                Hilbert Stanley


I, Hilbert Stanley, declare under
the penalty of perjury that the
foregoing is true and correct.


_____



Subscribes and sworn to before me
this _____ day of _____, 20___


_____
        Notary Public

H. STanley
25 lAWTON ST 1A
Brooklyn, NY 11221

Honorable Cathy Seibel
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

 

 

U.S. POSTAGE PAID
PM 1-DAY
BROOKLYN, NY
11203
MAR 11, 21
**AMOUNT**
**$7.95**
R2305K135502-14

1020    10601

# UNITED STATES POSTAL SERVICE® | PRIORITY MAIL®

**FROM:**

H. STANLEY
25 LAWTON Street #1A
BROOKLYN, NY. 11221.

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used inter

*Insurance does not co...
Domestic Mail Manual...

** See International Ma... ...overage.



EXPECTED DELIVERY DAY: 03/12/21

USPS TRACKING® #

9505 5161 4301 1070 4271 26

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

## TRACKED ■ INSURED

**TO:**

HONORABLE CATHY SEIBEL
Southern District of New York
300 QUARROPAS Street
WHITE PLAINS, NY. 10601

USMS SDNY



PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



RECEIVED
MAR 15 2021
CHAMBERS OF
CATHY SEIBEL

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuse may be a violation of federal law. This package is not for resale. EP-14F © U.S. Postal Service, May 2020; All rights reserved.