UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
HILBERT STANLEY,

                       Plaintiff,         19-CV-5101 (CS)

        - against -                **STIPULATION OF**
                                             **CONFIDENTIALITY AND**
SUPERINTENDENT THOMAS GRIFFIN, et.al.,    **PROTECTIVE ORDER**

                     Defendants.
------------------------------------------------------------------- X

      WHEREAS discovery herein may include the production of information and/or documents that Defendants Jason Alvarez, Louis Merolle, Michael Mrzyglod, Charles Hulsair, William Roser, Louis Cimmino, Adam Escalera, Ishmael Melvin, Clifford Gunsett, and Jacob Himmelstein, (collectively, "Defendants"), contend (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order, or (b) contain information that is confidential under state or federal law,

      IT IS HEREBY STIPULATED AND AGREED that:

      1.    The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

      2.    Any Party may designate as confidential any documents produced in this Action, including documents produced from the records of the New York State Department of Corrections and Community Supervision ("DOCCS") and the information contained therein, the disclosure of which the producing Party or DOCCS reasonably believe would jeopardize correctional or institutional safety, security or good order, or which contain information that is confidential under

state or federal law, which shall be referred to hereafter as "Confidential Material," including but not limited to the following:

    a. Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

    b. All personnel, health care (including but not limited to drug or substance abuse records), mental health care, and labor relations records that contain personally identifiable information concerning any employee of DOCCS or any Incarcerated Individual in the custody of DOCCS, with the exception of Plaintiff to the extent that it is not statutorily prohibited, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced;

    c. All documents and information that relate to the substance or contents of any and all personnel files, including but not limited to personal, departmental, and administrative files and other personnel information prepared or maintained by the State of New York (including without limitation, the Department of Corrections and Community Supervision), including but not limited to documents reflecting any disciplinary proceedings, performance evaluations, and counselings of any personnel of DOCCS, unless already possessed by a party or witness;

    d. All maps, blueprints, photographs, drawings, schematics, and any other written

        depiction or description of any DOCCS facilities or offices;

e.  All directives or written policies issued by DOCCS or any office operated on behalf of DOCCS that are classified as "D" in DOCCS Directive 0001, indicating that they contain information affecting the safety and security of DOCCS facilities and are handled as confidential material and restricted from unauthorized access;

f.  Any documents and information which counsel for all parties agree should be considered Confidential Material;

g.  All DOCCS training materials for Correction Officers, Sergeants, Lieutenants, Deputy Superintends, and Superintendents, that refers to or concerns institutional safety, security, or good order;

h.  Any other records that Defendants or DOCCS believe would compromise the safety or security of a DOCCS facility if disclosed to an individual in the custody, or formerly in the custody, of DOCCS and/or the general public;

i.  Any documents and information which counsel for a party designates as "Confidential Material" and to which counsel for the other party does not object, including, but not limited to, information concerning an individual's health, criminal prosecution, and income; and

j.  Testimony about the documents and information covered by Paragraph 2(a)-(i).

3.    Notwithstanding the provisions of paragraphs 2, 9, and 10, Confidential Material designated by Defendants may be discussed with and shown to Plaintiff, a former DOCCS Incarcerated Individual, as follows: (i) Plaintiff's own medical records; (ii) Plaintiff's own mental

health records, provided that the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced; (iii) Plaintiff's own statements to the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity; and (iv) Confidential Material that Defendants' counsel agrees may be discussed with or shown to Plaintiff.

4.  If a party objects to the designation of any document as Confidential Material, such party shall state such objection in writing to the counsel for the party that designated the Confidential Material within 14 days of the objecting party's receipt of the Confidential Material. Counsel shall in good faith attempt to resolve such conflict within 14 days thereafter. If the conflict cannot be resolved among counsel, the objecting party shall have 14 days thereafter ~~within 60 days of the initial objection,~~ to request the Court to remove the designation. Any disputed documents shall be treated as Confidential Material until the parties resolve the conflict or the Court issues its ruling regarding the conflict. The party that designated the document Confidential has the burden to show that the designation is proper.

5.  In the event that there are any depositions taken in this Action, the transcripts of those depositions will be treated as Confidential Material in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Confidential Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in paragraph 2 herein, and such designation must be provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so

designated during the thirty (30) day period will not be treated as Confidential Material.

6. An inadvertent failure to designate Confidential Material as confidential may be corrected by supplemental written notice given as soon as practicable.

7. To the extent the receiving party obtained copies of documents described in paragraph 2 herein prior to entry of this Stipulation and Protective Order and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information shall be treated hereafter as Confidential Material.

8. Notwithstanding the treatment as Confidential Material of personnel, health care or mental health care records that contain personally identifiable information concerning any employee of DOCCS or any Incarcerated Individual in the custody of DOCCS, it is understood that the non-party names, names of family members, residence addresses, employee insurance information, Social Security numbers and/or Department Identification Numbers ("DIN") of any employee or Incarcerated Individual who has not provided DOCCS with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by DOCCS.

9. Confidential Material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

10. Access to the Confidential Material shall be limited to:

    a. Attorneys for Plaintiff;

    b. Attorneys for Defendants;

    c. Employees and independent contractors of the respective attorneys for Plaintiff or Defendants who have direct functional responsibility for the preparation or trial of this action,

or any appeal thereof;

        d.    The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

        e.    Individual employees of DOCCS, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS;

        f.    Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendant; and

        g.    The Court.

11.    Confidential Material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiff's counsel, provided, however, that, in the event that Plaintiff's counsel intends to produce documents containing Confidential Material or that contain Confidential Material obtained from such documents in response to such order, if reasonably practicable, Plaintiff's counsel shall serve notice of such order upon Defendants' counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Defendants the opportunity to seek a protective order against such production.

12.    Except as provided in paragraph 3, consented to in writing by Defendants' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential Material shall not be released or disclosed in any manner to any person who is or was an Incarcerated Individual in the custody of DOCCS.

13. No person receiving Confidential Material pursuant to this Stipulation and Protective Order shall disclose or discuss such Confidential Material in any manner, written or oral, to or with any person who is not entitled to receive such Confidential Information pursuant to this Stipulation and Protective Order.

14. Confidential Material shall not be disclosed in open court without first affording Defendants' counsel an opportunity to contest disclosure of the Confidential Information.

15. In the event that any Party files with the Court any papers that include information designated by the other Party as Confidential Material, or that attach or enclose documents containing information designated by the other Party as Confidential Material, the filing Party shall provisionally file Confidential Material (including unredacted versions of any letters or memoranda of law) under seal. If the Party that designated the information as Confidential Material wishes to maintain it under seal, within seven (7) days of the provisionally sealed filing, they shall file a motion to seal as set forth in Rule 11(B) of the Individual Practices of Judge Cathy Seibel.

16. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any inadvertently disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) relating to inadvertent disclosure.

17. Confidential Material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and

solely to the extent necessary for the litigation of this action, including any appeals thereof.

18.     Within thirty (30) days of the conclusion of this Action, including any Appeals thereof, counsel shall either return to the producing party's counsel all Confidential Material, and any copies thereof, in its custody, possession or control and any documents containing Confidential Information, in whole or in part, and any copies made therefrom or shall notify the producing party's counsel in writing that all such Confidential Information has been destroyed.

19.     Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in paragraph 2 herein.

Dated: New York, New York
       December 6, 2023

Attorney for Plaintiff

By:     */s/ Evan Kreiner*
       Evan Kreiner
       One Manhattan West
       New York, NY 10001-8602
       Evan.kreiner@probonolaw.com

**LETITIA JAMES**
Attorney General
State of New York
Attorney for Defendants

By:     */s/ Jessica Acosta-Pettyjohn*
       Jessica Acosta-Pettyjohn
       Assistant Attorney General
       28 Liberty Street, 18th floor
       New York, New York 10005
       (212) 416-6551
       Jessica.acosta-pettyjohn@ag.ny.gov

SO ORDERED:

Dated: _____12/07/23_____

_____
Hon. Cathy Seibel U.S.D.J.

# **CERTIFICATION**

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in <u>Stanley v. Griffin</u>, 19-cv-5101 (CS), currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material, including but not limited to any notes or other transcriptions made of Confidential Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____     _____
                           SIGNATURE

                           _____
                           PRINT NAME

                           _____

                           _____
                           ADDRESS

                           _____
                           TELEPHONE NUMBER